NIEMEYER, Circuit Judge,
dissenting.
After revoking Onrey Townes’ supervised release because he had committed two crimes, at least one of which was a “crime of violence,” and because he had failed to participate in mental health treatment, the district court imposed a sentence of 21 months’ imprisonment, within the Sentencing Guidelines’ range. The majority opinion now vacates that sentence as plainly unreasonable because the district court did not adequately explain.its reasons for imposing it. The majority concludes that, by not saying enough, the district court “thwart[ed]” our ability to review the sentence, leaving us to make a “speculative conclusion” about the reasons for it.
On this record, the majority opinion is unfathomable and leads only to needless procedural churning. As we have said, we should be “hard-pressed to find any explanation for within-range, revocation sentences insufficient given the amount of deference we afford district courts when imposing -these sentences.” United States v. Thompson, 595 F.3d 544, 547 (4th Cir.2010) (emphasis added). Even so, on this record, we know exactly why the district court imposed the sentence. I would affirm.
As part of his sentence for possessing a stolen firearm and aiding and abetting, in violation of 18 U.S.C. §§ 922(j), 924, and 2, Townes was given a three-year term of supervised release, which included conditions that he not commit another crime and that he participate in a mental health treatment program. On the motion of Townes’ probation officer, the district court revoked Townes’ supervised release for violation of these conditions. The court found that Townes (1) committed “felony first degree burglary” of a residence; (2) committed another crime of “attempted breaking and entering of a building”; and (3) “fail[ed] to participate as directed by a probation officer in a mental health program.” The district court calculated the Sentencing Guidelines’ recommended range to be 15 to 21 months’ imprisonment.
Arguing for a downward departure from that range,' Townes’ counsel pointed out:
Mr. Townes is 22 years old. He’s been living with his sister in Wilson. He’s engaged. He has two three-month-old boys. He’s excited about being a father and as soon as he can get this behind him he wants to get married and help raise those children.
He was diagnosed with bipolar and schizophrenia when he was a child, Your Honor. That’s documented in his pre-sentence report and he’s struggled with this for years.
He does want the court to know that he wants mental health counseling. That the reason he missed those appointments, it wasn’t because he did not want to go or because he did not feel that he needed it. He was — Your Honor, he got confused.
*527 Counsel also noted that Townes had been employed in some work, that he had other “job possibilities lined up,” and that he planned to “get his GED.”
The government argued for an upward departure of 24 months’ imprisonment, pointing out:
[W]hen [Townes] bonded out on the state charge for the burglary[,] ... he went back to the same victims’ house and shouted at them — shouted threats at them from across the street.
I would like the court to also know that his federal conviction related to possession of stolen firearms as a result of a residential break-in.
It does not appear that his behavior has been deterred in the least. He had a break-in for which he was charged for the federal conviction and admitted to another break-in in Wilson County.
These two break-ins happened, you know, just minutes apart in Wilson, and we believe that he poses a danger to the community and shows éscalating behavior, bad behavior, criminal behavior by his actions on March the 15th.
The district court rejected each party’s request for a departure from the Guidelines’ recommended range, sentencing Townes to 21 months’ imprisonment, the top of the recommended range. The court explained:
The court has considered the policy statements on revocation contained in Chapter Seven of the Sentencing Guidelines as well as relevant factors listed in 18 United States Code 3553(a).
* * *
Well, it’s a grade — most serious grade violation is A.*
Well, the court finds that he’s violated the terms of the judgment by criminal conduct as I’ve indicated, felony burglary and attempted break-in.
After weighing all the factors, it’s ordered and adjudged that the supervision term heretofore granted be revoked. The defendant is ordered committed to the custody of the Bureau of Prisons or its authorized representative for a period of 21 months.
The court recommends that while incarcerated [Townes] receive mental health treatment and he participate in the intensive drug treatment program.
It is difficult to conceive of what more the district court could have said in the context of this particular sentencing hearing. After hearing the evidence and the arguments, the court explained that Townes’ violation was the “most serious” recognized by the Sentencing Guidelines — a Grade A violation — and that Townes had a mental health problem that needed treatment, explicitly recommending that he receive treatment during his sentence. The court rejected Townes’ request for a downward departure, obviously because of the seriousness of the violation, and rejected the government’s request for an upward departure, obviously recognizing some of the positive points presented by Townes’ counsel. This was further evidenced by the court’s concluding note that, “if [Townes] comes back, ... there won’t be much sympathy for him,” implying some level of sympathy with the within-range sentence it imposed.
*528 This record is not so vacant as to leave us at a loss as to why the court imposed the 21-month sentence. And certainly, it is more than adequate when considering the standard that governs our review of a district court’s decision to impose a revocation sentence within the Guidelines’ recommended range. In those circumstances, as already noted, we should be “hard-pressed to find any explanation ... insufficient.” Thompson, 595 F.3d at 547. In addition, we have recognized that a formal explanation made directly in connection with the imposition of a sentence is not required when some explanation “may be clear from the context.” Id. Only if the district court fails to “giv[e] any indication of its reasons” for the sentence or if the context fails to illuminate those reasons, id., should we deem the court’s explanation “plainly unreasonable” and thus insufficient, see United States v. Crudup, 461 F.3d 433, 437 (4th Cir.2006).
I can “see no reason to direct a remand that would serve no purpose.” United States v. Bennett, 698 F.3d 194, 195 (4th Cir.2012). I would affirm.

 The Sentencing Guidelines provide that a Grade A violation involves "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence....” U.S.S.G. (Continued) § 7Bl.l(a)(l); see also id. § 7B1.1 cmt. n. 2 (explaining the meaning of "crime of violence” by reference to U.S.S.G. § 4B1.2, which lists "burglary of a dwelling" as a crime of violence).